IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAURICIO BRAVO MALDONADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-0025-SLP |
| ) | |
| BOP TRANSPORTATION OFFICERS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Suzanne Mitchell [Doc. No. 8]. The R&R recommends dismissal of this action as duplicative of another identical action filed by Plaintiff, *Maldonado v. BOP Transportation Officers et al.*, Case No. 24-1316-SLP (*Maldonado I*).[1] After the R&R was entered in this action, Plaintiff filed a document titled "Amendment" [Doc. No. 9]. At the conclusion of that document, Plaintiff states that he is filing it as an "objection" to the R&R. *Id.* at 2.

Although he characterizes his filing as an "objection," Plaintiff does not make any argument regarding the reasoning or conclusion in the R&R, and he concedes the two actions are duplicative. *See id.* He states that he inadvertently "sent [his] claim to two

---

[1] In *Maldonado I*, the Court adopted the Magistrate Judge's Report and Recommendation recommending dismissal without prejudice because: (1) to the extent Plaintiff attempted to bring a tort claim under the Federal Tort Claims Act, he failed to exhaust his administrative remedies; and (2) he failed to state a claim upon which relief may be granted with respect to any *Bivens* claim (or other civil rights claim) he sought to bring against federal agencies or unnamed federal officers. *See Maldonado I*, Order [Doc. No. 7]; *see also id.*, R&R [Doc. No. 6] (discussing claims that may be brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)).

different District Courts": one to this court (*Maldonado I*), and this action, which was originally filed in the United States District Court for the Southern District of Florida. *See id.* at 1. At the conclusion of his filing, however, Plaintiff asks the Court to take his mistake into consideration and "keep the proceeding on [his] case." *Id.* at 2.

Plaintiff's filing [Doc. No. 9] is not a proper objection to the R&R. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (Any "objection[] to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court."). As set forth, Plaintiff does not challenge any reasoning, conclusion, or other aspect of the R&R.[2] Accordingly, the Court finds Plaintiff has waived any objection to the R&R [Doc. No. 8], and this action is subject to dismissal as duplicative.

Nevertheless, the Court notes that this case suffers from another fundamental problem: there was no complaint filed in this action, which is what commences a civil action in the first place. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *see also Powell v. Rios*, 241 F. App'x 500, 505 (10th Cir. 2007) ("The Federal Rules of Civil Procedure make clear that *only* a properly-filed 'complaint' can commence a civil action."). And to the extent Plaintiff's initial filing [Doc. No. 1] may

---

[2] Indeed, based on his representations, it appears Plaintiff may not have intended to file two separate actions in the first place. *See* [Doc. No. 9] at 1 (explaining he "sent [his] claim to the Southern District of Florida . . . because [he] thouht (sic) that [his] original case was in said District. . .") And the record in the two cases is consistent with that understanding: a Complaint was filed in *Maldonado I*, while the document docketed as the "Complaint" in this action is a cover letter along with an administrative claim submitted to the U.S. Marshals Service on November 19, 2024. *See* [Doc. No. 1].

2

be construed as a complaint, it is subject to dismissal for failure to state a claim and failure to comply with Federal Rule of Civil Procedure 8(a). Plaintiff does not state who he is suing or who harmed him, nor does he identify what kind of legal claim(s) he intended to bring. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[A] complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *see also Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) ("If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action *sua sponte* for failure to comply with Rule 8." (citing *Nasious*, 492 F.3d at 1161 n.2)).

Finally, although not properly requested by Plaintiff, the Court notes that leave to amend would be futile for all the reasons set forth in the Report and Recommendation recommending dismissal of *Maldonado I*. *See Maldonado I*, Case No. CIV-24-1316-SLP [Doc. No. 6] (W.D. Okla. February 12, 2025); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (The Court may sua sponte dismiss a pro se complaint without leave to amend "when it is 'patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (citation omitted)); *Kenney v. AG Equip. Co.*, 462 F. App'x 841, 844 (10th Cir. 2012) ("[B]ecause we discern no factual allegations by [plaintiff] that would constitute even a colorable claim for relief (much less a plausible one), the district court did not err in dismissing his complaint without granting leave to amend.").

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 8] is ADOPTED and this matter is DISMISSED without prejudice as duplicative. Alternatively, this matter is DISMISSED without prejudice for failure to state a claim and failure comply with Federal Rules of Civil Procedure 3 and 8(a). A separate judgment of dismissal shall be entered contemporaneously herewith.

IT IS SO ORDERED this 16th day of April, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE